1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11  MANUEL CARDENAS,                )      1:09-cv-00831-AWI-JLT HC
                                    )
12              Petitioner,         )      ORDER CONSTRUING RESPONDENT'S
                                    )      MOTION TO DISMISS AS AN ANSWER
13         v.                       )      (Docs. 11, 12)
                                    )
14  NEIL H. ADLER,                  )      ORDER PERMITTING PETITIONER TO
                                    )      FILE TRAVERSE TO RESPONDENT'S
15                                  )      ANSWER WITHIN THIRTY DAYS
                Respondent.         )
16  _____ )

17

18                          **PROCEDURAL HISTORY**

19         Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2241.

21         The instant petition for writ of habeas corpus was filed on May 11, 2009.  (Doc. 1).  The

22  petition challenges the results of a December 18,  2008 prison disciplinary hearing finding Petitioner

23  guilty of insolence toward a prison staff member, and assessing Petitioner fifteen days of disciplinary

24  segregation as a result.  (Id., pp. 9-10).  The petition appears to allege that the Hearing Officer's

25  findings were not supported by the evidence and that prison staff engaged in a pattern of retaliation

26  against Petitioner, including filing and proceeding on the instant disciplinary charge.  (Id., p. 4).

27         On September 25, 2009, the Court ordered Respondent to file a response.  (Doc. 4).   On

28  November 23, 2009, Respondent filed the instant motion to dismiss, contending that Petitioner had

                                              1

1  failed to state a claim upon which habeas relief could be granted pursuant to Fed. Civ. P. Rule

2  12(b)(6), and also that "some" evidence supported Respondent's finding that Petitioner had

3  committed the disciplinary infraction.  (Doc. 11).  On December 23, 2009, Petitioner filed his

4  opposition to the motion to dismiss, contending that said motion should itself be dismissed under the

5  Court's procedural rules.  (Doc. 12).

6  **DISCUSSION**

7  A.  Jurisdiction

8  Relief by way of a writ of habeas corpus extends to a person in custody under the authority of

9  the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the

10 validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28

11 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

12 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., United

13 States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984); Brown v. United States, 610 F.2d 672, 677

14 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show

15 that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See,

16 e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody

17 should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be

18 housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred

19 in determining whether petitioner could receive credit for time spent in state custody); Brown, 610

20 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol).

21 Petitioner asserts that he suffered violations of his rights as guaranteed by the United States

22 Constitution.  Petitioner's claims arise out of a disciplinary hearing conducted on December 18,

23 2008, after which the DHO found that Petitioner committed the prohibited act of insolence toward a

24 prison staff member.  Petitioner contends that (1) his due process rights were violated when prison

25 staff, in an effort to retaliate against Petitioner, filed a false disciplinary report against Petitioner; and

26 (2) insufficient evidence supported the DHO's finding of guilt.  (Doc. 1, p. 3).  As a result of the

27 hearing, Respondent sanctioned Petitioner with fifteen days of disciplinary segregation.

28 If a constitutional violation has resulted in the loss of time credits, such violation affects the

2

duration of a sentence and may be remedied by way of a petition for writ of habeas corpus. <u>Young v.</u>

<u>Kenny</u>, 907 F.2d 874, 876-878 (9th Cir. 1990). Here, Petitioner is challenging the result of a prison

disciplinary hearing that resulted in a loss of credits. Thus, he is challenging the execution of his

sentence, which is maintainable only in a habeas corpus proceeding. <u>Tucker v. Carlson</u>, 925 F.2d

330, 331 (9th Cir. 1990). Furthermore, because Petitioner is challenging the execution of his

sentence at Taft Correctional Institution ("TCI"), and TCI is within the Eastern District of California,

Fresno Division, this Court has jurisdiction over the petition. <u>See</u> <u>Brown v. United States</u>, 610 F.2d

672, 677 (9th Cir. 1990).

### B. Procedural Grounds for Motion to Dismiss

Respondent has filed a motion to dismiss the petition for failure to state a claim upon which

relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6). (Doc. 11). Along with the motion,

Respondent has submitted two documents, i.e., a copy of the original incident report and the

Disciplinary Hearing Officer's ("DHO") report. (Doc. 11, Exs. A, B). Respondent's motion to

dismiss is based upon two premises: (1) that Petitioner has failed to establish all of the elements of a

claim for retaliation; and (2) the disciplinary hearing decision was supported by "some" evidence.

(Doc. 11). Reading Respondent's arguments and submitted exhibits, it is clear that Respondent is,

in essence, arguing the merits of Petitioner's claims, not merely a procedural deficiency, such as lack

of exhaustion, untimeliness, or the absence of federal habeas jurisdiction.[1]

In his opposition to the motion to dismiss, Petitioner objects to the legal basis on which

Respondent brings the motion, i.e., Rule 12(b)(6), contending, correctly, in the Court's view, that the

issue is not whether Petitioner has "proven" a claim for retaliation in his petition, but whether he has

properly alleged a claim upon which habeas relief can be granted. (Doc. 12, p. 3). As Petitioner

---

[1]The Court has observed that, in several prior cases involving this federal institution, Respondent's counsel has framed a responsive pleading addressing the merits of the petition as a motion to dismiss pursuant to Rule 12(b)(6). Repeatedly, the Court has sought to tactfully dissuade Respondent's counsel from such an approach, since, as discussed above, a Rule 12(b)(6) motion attacks the sufficiency of the pleading, not the sufficiency of the evidence. Accordingly, Respondent's counsel is admonished that a Rule 12(b)(6) motion is a wholly inappropriate legal framework for a responsive pleading that addresses the merits of the petition. The Court is hopeful that Respondent's counsel will take this admonition to heart and, in the future, file Answers when responding to the merits of petition, while reserving motions to dismiss under Rule 12(b)(6) for the limited and narrow purpose for which they were intended.

1  himself points out, "the issue on a motion to dismiss for failure to state a claim pursuant to Rule

2  12(b)(6) of the Federal Rules of Civil Procedure is not whether a plaintiff will ultimately prevail, but

3  whether the plaintiff is entitled to offer evidence in support of his or her claims." (Id.).  After

4  recounting the factual assertions in his petition, Petitioner concludes that he "has articulated facts

5  sufficient to sustain his claim of retaliation" and has "met all of the five elements" to "demonstrate a

6  violation of his First Amendment right to be free from retaliation." (Id. at p. 5).  Petitioner goes on

7  to argue that the Disciplinary Hearing Officer's findings were not supported by "some evidence" and

8  thus did not meet the constitutional standard applicable to disciplinary hearings.  (Id. at p. 6).

9      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

10  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

11  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.[2]

12  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the

13  motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's

14  procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

15  evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d

16  599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

17  procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

18  Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court

19  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

20      As discussed above, the Rules Governing Section 2254 Cases do not expressly provide for

21  motion practice; rather, such motion practice must be inferred from the structure of the rules

22  themselves.  Hillery, 533 F.Supp. at 1195.  For example, Rule 11 provides as follows:

23      The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any
        statutory provisions or these rules, may be applied to a proceeding under these rules.

24

25

---

26   [2]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those
     brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2)
27   provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such
     proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."
28   Fed. R. Civ. P 81(a)(2).

1   Rule 11 of the Rules Governing Section 2254 Cases. (Emphasis supplied).  Because of the peculiar

2   and unique nature of habeas proceedings, as a general rule, neither Rule 12(b)(6) nor summary

3   judgment motions under Rule 56 are particularly appropriate.  Given the nature of a habeas corpus

4   petition, <u>Anderson v. Butler</u>, 886 F.2d 111, 113 (5th Cir. 1989) (modern habeas corpus procedure

5   has the same function as an ordinary appeal); <u>O'Neal v. McAnnich</u>, 513 U.S. 440, 442, 115 S.Ct. 992

6   (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal

7   trials"(emphasis omitted)), motions for summary judgment are unnecessary because petitions may be

8   decided immediately by the Court following submission of the pleadings provided no material issues

9   of fact exist.  <u>See</u>, 1 J. Liebman, *Federal Habeas Corpus Practice and Procedure,* § 17.3 (1988)

10  (The habeas corpus statute authorizes–indeed, it seems to *require*–the court treat the petition itself as

11  the equivalent of a petitioner initiated summary judgment motion).

12      Similarly, a Rule 12(b)(6) motion attacking the sufficiency of the pleading in the petition

13  does not comfortably fit within the habeas landscape either.  As mentioned, the district court is

14  already tasked with the responsibility to initially screen the petition for sufficiency pursuant to Rule 4

15  of the Rules Governing Section 2254 cases.  Here, the Court's order of September 25, 2009,

16  requiring Respondent to file a response, was issued only *after* the Court had undertaken its Rule 4

17  obligation.  Thus, at that point, the Court had, by implication, already found the petition's pleadings

18  sufficient to proceed.  Premising a motion to dismiss on Rule 12(b)(6), as Respondent has done, is

19  therefore redundant in that, essentially, such a motion requests that the Court conduct a pleading

20  examination it has already completed.

21      Although it appears that Respondent is misguided in his heavy reliance on the Federal Rules

22  of Civil Procedure, especially Rule 12(b)(6), and that he may not have fully appreciated the unique

23  requirements of habeas proceedings or the Court's wide latitude under the Rules Governing Section

24  2254 Cases, nevertheless, the Court is of the opinion that denying Respondent's motion to dismiss

25  solely on narrow procedural grounds and then requiring Respondent to file an answer that would, in

26  all likelihood, raise the same issues again based on the same documentary evidence, would be an

27  inefficient use of the parties' time as well as the Court's resources.  Instead, the Court has the

28  inherent power under the Rules Governing Section 2254 Cases to construe Respondent's motion as

an Answer on the merits.  By then affording Petitioner a reasonable time within which to file his Traverse to Respondent's Answer, the Court would be in a position to rule on the merits of the petition without the need for further factual development of the record or additional briefing.

Accordingly, the Court will construe Respondent's motion to dismiss as an Answer on the merits and will permit Petitioner thirty days to file his Traverse.  Based upon this determination, Plaintiff's Motion to Dismiss Respondent's Motion to Dismiss (Doc. 12), is moot

### ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1.     Respondent's motion to dismiss (Doc. 11), is CONSTRUED as an Answer to the petition;

2.     Petitioner is granted thirty (30) days from the date of service of this order within which to file his Traverse to Respondent's Answer.  Alternatively, Petitioner may forego filing a Traverse and simply notify the Court that he wishes to submit the issues based on the documents and pleadings already on file in this case;

3.     Petitioner's Motion to Dismiss Respondent's Motion to Dismiss is moot.

IT IS SO ORDERED.

Dated:   **April 26, 2010**                                                    **/s/ Jennifer L. Thurston**
                                                                                          UNITED STATES MAGISTRATE JUDGE